```
              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

UNITED STATES                                                    PLAINTIFF

VERSUS                         CRIMINAL ACTION NO. 5:13-cr-05-DCB-FKB

PAUL WINFIELD                                                    DEFENDANT

ORDER

Before the Court is Paul Winfield ("Winfield")'s Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 40]; and the Government's Response [ECF No. 43]. Having conducted the preliminary review required by Rule 4 of the Rules Governing § 2255 Proceedings for the United States Courts, the Court finds as follows:

I.   Background

In September of 2013, Winfield entered into a plea agreement and pled guilty to one (1) count of conspiracy to commit bribery involving federal programs in violation of title 18 U.S.C. § 666(a)(1)(B). [ECF No. 8] at 1. In December of 2013, the Court sentenced Winfield to 25 months of imprisonment and ordered Winfield to pay a $5,000.00 fine and a $100.00 assessment fee. [ECF No. 34]. His imprisonment was also to be followed by three years of supervised release. Id.

On June 25, 2025, Winfield asked the Court to vacate his sentence pursuant to 28 U.S.C. § 2255. [ECF No. 40]. In his Motion

to Vacate, Winfield contends that recent Supreme Court precedent establishes that he was charged with a non-existent offense. [ECF No. 41] at 1. The Government filed a response in opposition on October 16, 2025 arguing that the Motion to Vacate should be dismissed with prejudice because Winfield's motion is "barred by the postconviction waiver in his plea agreement, does not qualify for equitable tolling, [and] is untimely". [ECF No. 43] at 2.

II.  Legal Standard

Section 2255 permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack". 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

III. Analysis

The Court agrees with the Government that Defendant's Motion to Vacate should be DENIED for three reasons: (1) the motion is barred

2

by the voluntary plea agreement that Winfield signed, (2) Winfield is no longer in custody and therefore the motion is improperly before the Court, and (3) the motion is untimely. Each of these reasonings will be addressed in turn:

> i. The voluntary plea agreement validly waived Winfield's right to contest is sentence or conviction.

To be constitutionally valid, a guilty plea must be knowing and voluntary. United States v. Cerventes, 132 F.3d 1106, 1110 (5th Cir. 1998). The right to appeal a criminal conviction is a statutory right, not a constitutional right. United States v. Henderson, 72 F.3d 463, 464-465 (5th Cir. 1995)(citing Abney v. United States, 431 U.S. 651, 656 (1977)). A defendant may waive his statutory rights, including the right to appeal, as a part of a plea-bargaining agreement. Henderson, 72 F.3d at 465 (citing United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992)). The Fifth Circuit has held that "[a] defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." United States v. Rodriguez-Estrada, 741 F.3d 648, 650 (5th Cir. 2014) (citing United States v. Scallon, 683 F.3d 680, 682 (5th Cir. 2012)). "A defendant may waive his right to a proceeding under 28 U.S.C. § 2255, just as he may waive his appeal rights. United States v. Crain, 877 F.3d 637, 640 n.1 (5th

3

Cir. 2017) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam)).

Here, the Defendant entered into a plea agreement on September 16, 2013 in which he pled guilty to one (1) count of conspiracy to commit bribery involving federal programs in violation of title 18 U.S.C. § 666(a)(1)(B). [ECF No. 24]. The plea agreement provides on page three (3) that the Defendant is knowingly waiving all rights to appeal the conviction and that he is waiving his right to "contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255". Id. at 3. The plea agreement states, in both bolded **and** all capital letters that the agreement has been read by or to Winfield, it was explained to him by his attorneys, it was understood by him, he voluntarily accepted it, and that he agreed to it. Id. at 4. Further Winfield and his counsel – Dennis Sweet – both signed the agreement. Id. In his Motion to Vacate, Winfield never disputes the fact that his plea agreement was entered into voluntarily. Therefore, based on all the circumstances above, all his rights to appeal his conviction or to collaterally attack it under § 2255 were waived pursuant to the plea agreement.

   ii. Winfield is no longer in custody and therefore the motion is improperly before the Court.

The second reason that Winfield's motion is denied is because Winfield is no longer "in custody" as required by § 2255 and, therefore, his motion is improperly before the Court. Section 2255 is clear that only a

> "prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

(Emphasis added). The Supreme Court in Jones v. Cunningham, 371 U.S. 236 (1963) and the Fifth Circuit in Pack v. Yusuff, 218 F.3d 448 (5th Cir. 2000) have both indicated that "custody" in the context Of § 2255 usually "signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction." Pack, 218 F.3d 448, 454 n.5.

Here, in December of 2013, the Court sentenced Winfield to 25 months of imprisonment and ordered Winfield to pay a $5,000.00 fine and a $100.00 assessment fee. [ECF No. 34]. His imprisonment

5

was also to be followed by three years of supervised release. Id. It is now November of 2025 and Winfield is no longer a "prisoner in custody" because (1) he is no longer incarcerated, (2) he has paid all fines as mandated by the Court, and (3) he is no longer on supervised release. Therefore, Winfield cannot be granted relief under Section 2255(a) of Title 28 of the United States Code.

### iii. The Motion is untimely.

Thirdly, Winfield's motion is denied because it is untimely before the Court. As noted by the Government, 28 U.S.C. § 2255 provides that a limitation period of one-year shall apply to the filing of motions to vacate and the date which it shall run can be determined based on the following methods:

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). In Winfield's motion, he argues that his Motion to Vacate should be considered, despite it being brought over a decade after his conviction was finalized, because "the

Supreme Court has established a new constitutional ruling that applies retroactively to cases on collateral review when a Petitioner has established that he was convicted on a nonexistent offense." [ECF No. 41] at 7. Winfield, in other words, "requests the Court conclude that the offense to which he was convicted simply does not exist, meaning his conviction must be set aside and vacated." Id. However, Winfield fails to cite to any authority in which his position has been recognized by the Supreme Court and relief is made retroactively applicable to his case on collateral review.

As pointed out by the Government, Winfield cites to two cases in an attempt to support his position: McDonnell v. United States, 579 U.S. 550 (2016) and Snyder v. United States, 603 U.S. 1 (2024). The first case, McDonnell, fails to support Winfield because it is time barred. It was issued nine years prior to Winfield's motion and therefore is outside of the one-year deadline as provided in 28 U.S.C. § 2255(f)(3). The second case, Synder, fails to support Winfield because Winfield has not asserted "evidence backing up his claim that he did not break the law." [ECF No. 43] at 8. The Fifth Circuit has held that "[f]or a prisoner to show that he may have been convicted of a nonexistent offense, he (1) must assert that he did not violate the new requirement imposed by the intervening Supreme Court precedent and (2) must provide some evidence or argument backing that up." Abram v. McConnell, 3 F.4th

7

783, 785-86 (5th Cir. 2021). While Winfield has satisfied the first element of this analysis, he did not satisfy the second. The Court agrees with the Government that Winfield's mere reference to new Supreme Court precedent, without offering any substantive explanation or evidence demonstrating how his conviction violates that precedent, fails to meet his burden of proof. [ECF No. 43] at 8.

IV. Conclusion

For the reasons above, Winfield's Motion [ECF No. 41] is DENIED.

Accordingly,

IT IS HEREBY ORDERED that Paul Winfield's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 41] is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue.

SO ORDERED this the 6th day of November, 2025.

/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE